IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| S. GREGORY HAYS, Receiver for | § | |
| Travis E. Correll, et al., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:06cv496 |
| | § | |
| KERRY G. SITTON; KG SITTON AND | § | |
| COMPANY, LLC; and KGS GROUP, LLC | § | |
| | § | |
| Defendants. | § | |

## ORDER FINDING ANGELIC ENTERTAINMENT, INC. IN CONTEMPT OF COURT

BE IT REMEMBERED that at 10:00 a.m. on the 11th day of April, 2008, a hearing was held

on the Motion[1] of S. Gregory Hays, the Court-appointed Receiver in the above captioned and

numbered cause (hereinafter, the "Receiver"), for Angelic Entertainment, Inc. to appear before this

Court to show cause, if any there be, why it should not be held in contempt, and/or have sanctions

entered against it, for violating the terms of this Court's December 18, 2006 Agreed Order

Appointing Receiver, Freezing Assets, Requiring an Accounting, and Granting Other Preliminary

Injunctive Relief (the "Agreed Receivership Order").  [Docket # 6]

Before the Court is the Receiver's Show Cause Motion and supporting declaration and

various attached exhibits, the sworn testimony of the Receiver's witness Clark B. Will, as well as

---

[1]      The Receiver's Motion, styled "Motion for Order to Show Cause Why Angelic
Entertainment, Inc. Should Not Be Held in Contempt for Failure to Comply with Receivership Order
and Brief in Support" (the "Show Cause Motion"), was filed on February 5, 2008.  [Docket # 28]
By Order of this Court, dated March 5, 2008, Angelic Entertainment, Inc. was ordered to appear
personally through an authorized representative and counsel to show cause at 10:00 a.m. on April
11, 2008 (the "Show Cause Order").  [Docket # 34]

the Receiver's Exhibits 1-11 admitted at the hearing. Angelic Entertainment, Inc. (Angelic Entertainment") failed to file a response to the Show Cause Motion.

Appearing at the hearing were the Receiver, by and through his counsel of record; the Securities and Exchange Commission, by and through its counsel of record; and Kerry Sitton, in person and through his counsel of record. Angelic Entertainment failed to appear either in person (via a representative) or through counsel.

## FINDINGS OF FACT

The Court, having considered the record as a whole, the presentation of counsel and the evidence offered at the hearing, makes the following findings of fact based upon clear and convincing evidence:

1.      On December 18, 2006, the Court entered the Agreed Receivership Order.

2.      The Agreed Receivership Order required *inter alia*:

"5.     IT IS FURTHER ORDERED, that the Receiver shall have and possess all powers and rights to administer and manage the Sitton Receivership Estate including, but not limited to, the following power and authority:

j.      to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to monies derived from any of the Correll Defendants, with all such actions filed in this Court;

***

9.      IT IS FURTHER ORDERED, that any ... corporation or other entity maintaining or having custody or control of ... assets of the Sitton Receivership Estate; shall:

d.      within five (5) business days of receipt of such notice, provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets to the Receiver."

*Agreed Receivership Order* at ¶¶ 5 and 9, p. 5-7 and 9-10.

3.      On or about June 3, 2005, KG Sitton and Co., LLC, a Defendant herein, paid the sum of $500,000.00 to Mustang Pictures, Inc. ("Mustang").  KG Sitton and Co., LLC was an entity owned and controlled by Kerry Sitton, the lead Defendant herein.

4.      The $500,000.00 paid to Mustang constituted funds derived from an illegal *Ponzi* scheme orchestrated by Travis Correll and facilitated by Kerry Sitton.

5.      KG Sitton and Co., LLC paid the $500,000.00 check to Mustang pursuant to a Subscription Agreement dated June 3, 2005 by which an entity called TK Productions LLC[2] acquired an equity stake in the proposed movie "London, Texas," which was to be produced by Angelic Entertainment, Inc. ("Angelic").

6.      Angelic is an existing company based in San Diego, California owned and controlled by Mark Maine, its CEO.

7.      Immediately after KG Sitton and Co., LLC gave the $500,000.00 check to Mustang, Jerry Long, a principal of Mustang, deposited it into Mustang's Texas Bank[3] account, and soon thereafter the funds were wired to Angelic from that location at Mustang's request.

8.      The referenced movie was never actually made and no value was given by Angelic in return for the funds provided by Mustang.  Despite this, Angelic never returned the $500,000.00 to Mustang or KG Sitton and Co., LLC.

9.      On August 17, 2007, Clark B. Will, counsel for the Receiver, following an investigation into the matter, sent Mark Maine, on behalf of Angelic, a letter setting forth the Receiver's claim to the $500,000.00 payment and demanding its return.  Included in the letter was a copy of this Court's December 18, 2006 Agreed Receivership Order.  Mr. Maine and Angelic

---

[2]      A company owned and controlled by Kerry Sitton and Travis Correll.

[3]      Located in Henderson, Texas.

received both Mr. Will's letter and accompanying copy of the Agreed Receivership Order on August 20, 2007.

10.     On August 27, 2007, Angelic, by and through its attorneys, sent Mr. Will a written response rejecting the Receiver's demand for return of the $500,000.00.  Mr. Will received no further communications from Angelic or its representatives.

11.     On February 5, 2008, the Receiver filed his Motion for Order to Show Cause Why Angelic Entertainment, Inc. Should Not Be Held in Contempt for Failure to Comply With Receivership Order and Brief in Support.  On March 5, 2008, the Court entered its Order to Show Cause Why Angelic Entertainment, Inc. Should Not Be Held in Contempt for Failure to Comply With Receivership Order (the "Show Cause Order").  In the Show Cause Order, the Court ordered Angelic to appear personally through an authorized representative and counsel for a show cause hearing scheduled for Friday, April 11, 2008 at 10:00 a.m.

12.     On March 12, 2008, Michael D. Clark, counsel for the Receiver, mailed Mark Maine, on Angelic's behalf, via both certified mail, return receipt requested and first class mail, a signed copy of the Show Cause Order notifying Angelic of the date, time and place of the show cause hearing, in accordance with the Court's instructions in the Show Cause Order.  Angelic timely received the copy of the Show Cause Order.

13.     On April 11, 2008, the Court held the show cause hearing as against Angelic.  Angelic wholly failed to appear at the hearing in person or through counsel, as ordered by the Court.

14.     The Court proceeded to hear the Receiver's arguments and evidence presented.  The Receiver showed, and the Court took judicial notice of, the Agreed Receivership Order and its substance, that it was at all relevant times in effect, not ever having been superseded or withdrawn, and specifically the language contained in paragraphs 5 and 9, and Exhibit "A" thereof.  The Court

further heard and accepted the sworn testimony of Clark B. Will that, among other things, he and his team had conducted a thorough investigation into the Angelic matter, that he sent Angelic a demand letter along with a copy of the Agreed Receivership Order, and that Angelic has failed to comply with the Agreed Receivership Order by rejecting the Receiver's demand for return of the $500,000.00 and failing to tender said funds or any records relating to same to the Receiver.

15.     Angelic has violated the Agreed Receivership Order by failing to tender said funds or any records relating to same to the Receiver despite demand by the Receiver to do so and despite having notice of said Order and its substance.

16.     Angelic has failed to show cause why it should not be held in civil contempt of this Court's Agreed Receivership Order.

Based upon the foregoing findings of fact, the Court reaches the following:

## CONCLUSIONS OF LAW

1.     A violation, whether knowing or unknowing, of the Agreed Receivership Order is a contempt of this Court.

2.     Angelic Entertainment, Inc. is in civil contempt of the Agreed Receivership Order.

3.     A court of the United States is entitled and has inherent authority to enforce compliance with its orders by incarceration, monetary sanctions, and by an award of reasonable expenses, including attorney's fees and costs, to the adverse party.

4.     The Receiver's Show Cause Motion is hereby granted.

## OPPORTUNITY TO PURGE CONTEMPT

Angelic shall have until April 29, 2008 to purge itself of said contempt by paying to the Receiver, by and through his Dallas counsel, Clark B. Will, the following amounts on or before 3:00 p.m. CDT on April 29, 2008, in United States dollars, by wire transfer to the "Kerry Sitton

Receivership Account" at Bank of America, with account coordinates to be provided by Receiver's

counsel Clark B. Will or Michael D. Clark:

A.      the sum of Five Hundred Thousand dollars ($500,000.00), to be credited to the Sitton

Receivership Estate;

B.      the sum of Forty Thousand Seven Hundred Forty Five dollars ($40,745.00),

representing the Receiver's attorney's fees incurred in his attempts to secure Angelic's compliance

with the Agreed Receivership Order, which amount shall be credited to the Sitton Receivership

Estate;[4] and

C.      the sum of Fourteen Thousand One Hundred Eight dollars and Fourteen cents

($14,108.14), representing the Receiver's costs incurred in his attempts to secure Angelic's

compliance with the Agreed Receivership Order, which amount shall be credited to the Sitton

Receivership Estate.[5]

In the event that the total sum of FIVE HUNDRED FIFTY FOUR THOUSAND EIGHT

HUNDRED FIFTY THREE DOLLARS AND FOURTEEN CENTS ($554,853.14) has not been

paid to the Receiver on or before 3:00 p.m. CDT on April 29, 2008, it is FURTHER ORDERED that

---

[4]     This amount represents attorney's fees paid by the Receiver out of the Sitton Receivership Estate to his counsel from August 17, 2007, the date of the Receiver's initial demand letter to Angelic, through the present, encompassing counsel's investigation and analysis of Angelic and Mark Maine and their banking activities and dealings, up to and including the April 11, 2008 show cause hearing and the follow through on same. The Receiver's periodic fee applications in this case, with attorney invoices attached, are on file and of record, and the Court hereby takes judicial notice of them and their substance.

[5]     This amount represents the Receiver's costs and expenses paid by the Receiver out of the Sitton Receivership Estate from August 17, 2007, the date of the Receiver's initial demand letter to Angelic, through the present, encompassing the Receiver's and his team's investigation and related activities in attempting to secure Angelic's compliance with the Agreed Receivership Order, up to and including those associated with the April 11, 2008 show cause hearing and follow through on same. This amount includes professional investigative fees paid to Bray & Freeman, L.P., travel costs, witness fees, subpoena and document reproduction expenses, etc. *See,* FN 4.

**ORDER FINDING ANGELIC ENTERTAINMENT, INC. IN CONTEMPT OF COURT**
**Page 6**

Angelic shall pay a monetary sanction to the Receiver, in addition to the above $554,853.14 payment, in the amount of Five Thousand dollars ($5,000.00), via wire transfer by 3:00 p.m. CDT on May 2, 2008, which additional amount shall be credited to the Sitton Receivership Estate.

It is FURTHER ORDERED that, after April 29, 2008, for each seven (7) day period[6] that Angelic has failed to pay both the $554,853.14 and $5,000.00 amounts to the Receiver as set forth herein, Angelic shall pay an additional monetary sanction to the Receiver, in addition to any and all amounts then remaining unpaid, in the amount of One Thousand Five Hundred dollars ($1,500.00), via wire transfer, which amounts shall be credited to the Sitton Receivership Estate.  Said payments shall continue each 7-day period as set forth herein until Angelic has purged itself of its contempt.[7]

It is FURTHER ORDERED that the Receiver shall immediately serve a true and correct copy of this signed Order upon Angelic via certified mail, return receipt requested, in addition to first class mail, at the following address, being the address at which Angelic has already at least twice received and accepted previous correspondence from the Receiver's counsel:  Attn: Mark Maine, Angelic Entertainment, Inc., 555 W. Beach St., Suite 225, San Diego, CA 92101.  Provided service is effected in this fashion, it shall be sufficient notice to Angelic of this Order and its substance.

**SIGNED this the 18th day of April, 2008.**

*Richard A. Schell*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[6]     Each such 7-day period ending at 3:00 p.m. central time on the seventh day of such period.

[7]     These $5,000.00 and $1,500.00 sanction amounts are clearly justified based on Angelic's failure to purge itself of its contempt, its continued ignoring and disregard of the Agreed Receivership Order (as well as the Show Cause Order), the great harm caused by Angelic to the Sitton Receivership Estate and the likelihood of the sanctions' forcing compliance by Angelic.

**ORDER FINDING ANGELIC ENTERTAINMENT, INC. IN CONTEMPT OF COURT**
**Page 7**